LOTTINGER, Judge,
concurring.
I agree with the result reached but only to the extent that the plaintiffs are not required to pay the assessment.
There is no need to determine the constitutionality of La.R.S. 40:931.13 D and the companion amendment to Rule 12.9 of the Dairy Stabilization Board. Courts always avoid determining the constitutionality of a statute or rule when the dispute can be otherwise resolved.
La.R.S. 40:931.13 provides:
“A. In order to obtain funds for the administration and enforcement. of the regulations and production stabilization plans issued by him pursuant to this Sub-part and for the administration and enforcement of that portion of this Subpart for which he is made responsible, the commissioner shall, commencing on August 1, 1974, assess each processor licensed by the commissioner pursuant to this Subpart one and one-half cents per hundredweight on all milk purchased under any production stabilization plan and shall assess each dairy farmer one and one-half cents per hundredweight on all milk sold to a processor regulated by any production stabilization plan.
“B. In order to obtain funds for the administration and enforcement of the regulations issued by the board pursuant to this Subpart and for the administration and enforcement of that portion of this Subpart for which the board is made responsible, the board shall, commencing on October 1, 1976, assess each processor licensed by it three cents per hundredweight on all milk equivalents used in the processing of dairy products.
“C. All assessments authorized in this Section shall be payable monthly on or before the last day of the month following the month during which they accrue.
“D. In the event any processor refuses or fails to obtain a license or refuses or fails to pay this assessment, the commissioner may collect same from the licensed buyer of said dairy products as the agent for said processors or as a user of said products.”
This statute provides for the levying of an assessment against “each processor licensed by the commissioner” based on a hundredweight on all milk purchased. The section in question R.S. 40:931.13 D simply provides that when “any processor refuses or fails to obtain a license or refuses or fails to pay this assessment,” then the commissioner can collect the assessment from the licensed buyer. It appears clear that the *920 assessment is only levied against a licensed processor, and the assessment is only collected from the licensed buyer when the processor “refuses or fails to obtain a license” or if he is licensed “refuses or fails to pay” the assessment.
However, in Louisiana Dairy Stabilization Board v. Dairy Fresh Corporation, 631 F.2d 67 (C.A. 5th Cir. 1980) the U. S. Fifth Circuit affirmed a district court decision declaring unconstitutional as violative of the Commerce Clause of the federal constitution the Louisiana requirements that out-of-state processors obtain licenses. The court pointed out “the invalidation had the effect of relieving the out-of-state defendants [processors] of any obligation to pay assessments . . . . ”
Since the out-of-state processors have no legal obligation to obtain a Louisiana license or pay the assessment, then as to them paragraph D of R.S. 40:931.13 never becomes operative. I am of the opinion that the legislature could have never intended to collect an assessment from a Louisiana licensed buyer when same was not owed by the processor.
Therefore, for the above and foregoing reasons, I respectfully concur but only to the extent that the plaintiffs are not required to pay the assessments.